## BENNETT v. BOSTON TRAVELER CO.

(Circuit Court of Appeals, First Circuit. March 16, 1900.)

### No. 281.

COPYRIGHT—CUT OR ENGRAVING—ACTION TO RECOVER PENALTY FOR INFRINGEMENT.

An action under Rev. St. § 4965, to recover the penalties thereby imposed for infringement of a copyrighted cut, can only be maintained when the cut has been copyrighted as such. The copyrighting of a newspaper containing such cut, as a whole, gives no right of action under that section, but the remedy for infringement in that case is prescribed by section 4964.

In Error to the District Court of the United States for the District of Massachusetts.

George L. Roberts (Reuben L. Roberts, on the brief), for plaintiff in error.

G. Philip Wardner, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

COLT, Circuit Judge. This action was brought by the plaintiff, James Gordon Bennett, against the Boston Traveler Company, to recover the pecuniary penalty for infringement of a copyrighted engraving, cut, or print, imposed by section 4965 of the Revised Statutes, as amended by the act of March 2, 1895, c. 194 (28 Stat. 965). On June 15, 1898, the plaintiff published in the New York Herald a cut entitled: "William, You're Too Late." On June 21, 1898, the defendant published in the Boston Traveler a similar cut, entitled: "Willie, Keep Off the Grass. You're Too Late." The plaintiff took out a copyright in the issue of the New York Herald of June 15, 1898, but did not take out a copyright in the cut, except as such cut is a part of his paper of that date. The statute contains two distinct provisions respecting infringement. Section 4964 provides the penalty for infringement of a copyrighted book. Section 4965 provides a different penalty for infringement of a copyrighted engraving, cut, print, and other articles specifically enumerated. 26 Stat. 1109; 28 Stat. 965. The plaintiff contends that a newspaper is a book, within the meaning of the copyright law; and, assuming this to be true, it is admitted that he could have brought an action for infringement under section 4964, claiming that the cut in question was a material part of the subject-matter of his copyright. But this is not the plaintiff's case. He has brought suit under section 4965, for infringement of his copyrighted cut, and not under section 4965, for infringement of his copyrighted paper. In support of the maintenance of the present suit, the contention of the plaintiff is that

section 4965 is applicable to a cut which constitutes a part of a copyrighted book. His position is that in such a case it is only necessary to copyright the book, as such, and that it is not necessary to take out a separate copyright for the cut, as such, in order to bring an action under section 4965. In determining this question against the plaintiff's contention, and directing a verdict for the defendant, the court below said:

"This is a suit for the infringement of the copyright of an engraving. I hold with respect to the provisions of section 4965 that the Revised Statutes require that the copyright of an engraving, as such, shall be taken out separately and apart from the newspaper in which the engraving is contained, and that, if a party desires to copyright an engraving separately and apart from the newspaper in which it is contained, he must send a separate description of it to the librarian of congress, he must take out a separate copyright for it, and he must mark each separate engraving, 'Copyrighted, 1898,' etc. That, it is admitted, has not been done in this case. I hold, therefore, that the copyright of the plaintiff in this case is only the copyright of the paper as a whole, and that if he, under these circumstances, desires to proceed for an infringement of copyright, he must proceed for the infringement of the copyright of the paper. This he would be entitled to do, for the copyright of the whole paper is infringed by reproducing any substantial part of it. But there are special provisions for the copyright of engravings, as such; and the provisions of the law as to the copyright of engravings, as such, I hold have not been carried out in this case."

We agree with this ruling of the court below. In view of the express provisions of the statute, we do not see how the court could have ruled otherwise.

Section 4952 of the statute provides as follows:

"The author, inventor, designer, or proprietor of any book, * * * engraving, cut, print, * * * shall, upon complying with the provisions of this chapter, have the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing, and vending the same."

Section 4956 declares:

"No person shall be entitled to a copyright unless he shall, on or before the day of publication, in this or any foreign country, deliver at the office of the librarian of congress, or deposit in the mail within the United States, addressed to the librarian of congress, * * * a printed copy of the title of the book, * * * engraving, cut, print; * * * nor, unless he shall also, not later than the day of the publication thereof, in this or any foreign country, deliver at the office of the librarian of congress, * * * or deposit in the mail, within the United States, * * * two copies of such copyright book, * * * engraving, cut. print."

Section 4962 declares:

"No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title page, or the page immediately following it, if it be a book; or if a * * * print, cut, engraving, * * * by inscribing upon some visible portion thereof, or of the substance on which the same shall be mounted, the following words, viz.: 'Entered according to act of congress, in the year ——, by A. B. in the office of the librarian of congress, at Washington;' or, at his option, the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out."

Section 4964 provides the penalty for infringement of a copyrighted book:

"Every person who, after the recording of the title of any book and the depositing of two copies of such book as provided by this act, shall, contrary to the provisions of this act, within the term limited, and without the consent of

the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, print, publish, dramatize, translate, or import, or, knowing the same to be printed, published, dramatized, translated, or imported, shall sell or expose to sale any copy of such book, shall forfeit every copy thereof to such proprietor, and shall also forfeit and pay such damages as may be recovered in a civil action in any court of competent jurisdiction."

Section 4965 excludes books, and provides the penalty for infringement of other copyrighted articles:

"If any person, after the recording of the title of any map, * * * print, cut, engraving, * * * shall within the term limited, contrary to the provisions of this act, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish, * * * either in whole or in part, * * * or * * * shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale."

By these provisions, to obtain a copyright upon a book it is necessary—First, to deliver, on or before the day of publication, at the office of the librarian of congress, or to deposit in the mail, a printed copy of the title of the book, and not later than the day of publication to deliver at the office of the librarian of congress, or deposit in the mail, two copies of such book; second, it is necessary to give notice of copyright by inserting such notice in the several copies of every published edition of the book, on the title page or the page immediately following. The plaintiff has sought to comply with these provisions with respect to his copyrighted newspaper. To entitle a person to a copyright for an engraving, cut, or print, it is necessary—First, to deliver, on or before the day of publication, at the office of the librarian of congress, or deposit in the mail, a printed copy of the title of the engraving, cut, or print, and, not later than the day of publication, to deliver at the office of the librarian of congress, or deposit in the mail, two copies of such copyrighted engraving, cut, or print; second, it is also necessary that he shall give notice of copyright, by inscribing such notice upon some visible portion of such copyrighted engraving, cut, or print, or of the substance on which the same shall be mounted. These provisions the plaintiff has not complied with, and he is therefore not entitled to a copyright in his cut, as such, or to bring an action for the infringement thereof under section 4965. He has not delivered to the librarian of congress, or deposited in the mail, a printed copy of the title of his cut; nor has he inscribed the notice of copyright upon the cut. Section 4952 expressly declares that no person shall maintain an action for the infringement of his copyright unless he complies with the provisions of this chapter, and the remedy provided by section 4965 cannot be invoked "until the recording of the title" of the article copyrighted.

The plaintiff asks us to construe section 4965 as if a book was included among the enumerated articles. This cannot be done, especially as the preceding section gives a specific remedy in the case of books. The fact is, the plaintiff has sought to take out a copy-

right on his paper alone, and he has not seen fit to take out a sep-. arate copyright on his cut. He may be entitled to the remedy provided by statute for the infringement of the thing which he has copyrighted. He is not entitled to another remedy provided by statute for the infringement of another thing, which he has not copyrighted. Whether congress should have extended section 4965 to the case of books, or whether the remedy provided by section 4964 affords an inadequate relief in the present case, are considerations which cannot affect the enforcement of the present statute, as long as it remains unchanged.

The determination of this question against the plaintiff in error renders it unnecessary to consider the other questions raised by the assignments of error. The judgment of the district court is affirmed, with costs of this court.